# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DEWAYNE KEMP, )
)
            Plaintiff, )
)
v. ) No. CIV 19-196-JHP-SPS
)
MS. CANADA, CORECIVIC, )
and D.C.F., )
)
            Defendants. )

## OPINION AND ORDER

Plaintiff, a pro se state prisoner incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at his facility and requesting monetary relief (Dkt. 1). The defendants listed in caption are Ms. Canada, DCF mail room employee; CoreCivic; and DCF. The body of the complaint, however, does not include CoreCivic as a defendant.

Plaintiff alleges Defendant Canada mishandled his legal mail on May 16, 2019, when she failed to give him a legal letter from the Oklahoma City courthouse (Dkt. 1 at 4). He claims he did not know what the letter contained, and "it could of been anything such as a deadline for me to get back in court to fight for my freedom." *Id.* He speculates that if it contained a deadline, he will "have to stay in prison because D.C.F. workers lost my legal mail." *Id.* Plaintiff makes no specific claims about Defendants DCF or CoreCivic. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal

claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant Davis Correctional Facility**

Plaintiff has named DCF as a defendant in this matter. DCF is a medium-security correctional center in Holdenville, Oklahoma. *See* http://www.corecivic.com/facilities/davis-correctional-facility (accessed on August 16, 2019). DCF is not itself a corporation or independent legal entity, but an operation of CoreCivic, a publicly traded real estate investment trust headquartered in Nashville, Tennessee. *See* http://ir.corecivic.com (accessed on August 16, 2019).

Pursuant to Federal Rule of Civil Procedure 17(b)(3), the capacity to sue or be sued by a party such as Defendant DCF is determined "by the law of the state where the court is located," *i.e.*, by the law of the State of Oklahoma. Under Oklahoma law, because Defendant DCF is not a "person, corporation, partnership, or unincorporated association," it lacks capacity to be sued in this action. *See* Okla. Stat. tit. 12, § 2017(B); Fed. R. Civ. P. 17(b)(3).

*See, e.g., Wherry v. Gunter*, No. 15-545-HE, 2016 WL 3676796, at *4 (W.D. Okla. 2016) (unpublished order adopting report and recommendation) (dismissing private prison owned by CoreCivic as lacking capacity to be sued in Oklahoma). Therefore, all claims against Defendant Davis Correctional Facility are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Plaintiff's Allegations**

Plaintiff sets forth the following allegations against Defendant Ms. Canada, the DCF mail room employee:

> On Thursday, May 16, 2019, Ms. Canada/mail room lady came to my cell door on FC #108 at D.C.F. with some legal mail for me. In order for me to receive my legal mail she had me sign a legal sheet of paper so she can log it in the book showing what I signed and who it came from. She gave me two (2) legal letters, but didn't give me my legal letter from OKC, OK Courthouse that I signed for. I ask Ms. Canada about it then I mark my name out and wrote by it "I didn't get this legal mail." Ms. Canada told me she will try to find it and bring it back, but never did.
>
> Due to the fact I don't know what that legal mail was that she lost/misplaced when it could of been anything such as a deadline for me to get back in court to fight for my freedom and I miss it I'll have to stay in prison because D.C.F. workers lost my legal mail.

(Dkt. 1 at 4).

To have standing to raise a claim of denial of access to the courts, a prisoner must demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "To do so, he must show that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, Plaintiff has only speculated that the missing letter could have contained a deadline that could have led to release from his incarceration. There is no indication that his guesswork is accurate, and he apparently has made no effort to contact the Oklahoma City court to determine what mail was sent to him. At this point, he has failed to state a claim

4

upon which relief can be granted.

The Court, however, will allow Plaintiff to file an amended complaint to cure the deficiency in his claim, in accordance with the instructions below. The amended complaint must demonstrate his actual injury from the alleged lost mail and not allege mere speculation of the consequences of having not received the letter.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on the Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process). **In addition, each defendant named in the caption of the complaint also must be listed in the body of the complaint.**

Plaintiff must provide a short and plain statement of when and how each named defendant violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). He also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The amended complaint may not include Davis Correctional Facility as a defendant, because DCF is dismissed by this Order. Furthermore, the Court will

5

only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send Plaintiff the proper form for filing an amended complaint. If Plaintiff fails to file an amended complaint in accordance with this Order, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Defendant Davis Correctional Facility is DISMISSED from this action. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 19th day of August 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma